DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| JASON YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2014-4 |
| ) | |
| WESTIN ST. JOHN HOTEL COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ATTORNEYS:**
**Ryan W. Greene, Esq.**
St. Thomas, U.S.V.I.
 *For the plaintiff.*

**Bennett Chan, Esq.**
St. Thomas, U.S.V.I.
 *For the defendant.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of the plaintiff, Jason Young ("Young"), to voluntarily dismiss this action without prejudice.

This action originated in the Superior Court of the Virgin Islands. It was then removed to this Court. Subsequently, the defendant, Westin St. John Hotel Company, Inc. ("Westin"), filed a motion to compel arbitration and dismiss. In that motion, Westin asserted that Westin and Young had entered into an arbitration agreement that encompassed this dispute.

*Young v. Westin*
Civil No. 2014-4
Order
Page 2

After that motion was filed, Young verified to his counsel that he had signed the arbitration agreement. Young's counsel then sent a stipulation of dismissal to Westin, but Westin did not respond.

Young informs the Court the he plans to file the complaint with the American Arbitration Association. To that end, he seeks to voluntarily dismiss this action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure ("Rule 41(a)(2)").

Rule 41(a)(2) provides, in pertinent part, that:

> an action may be dismissed at the plaintiff's request . . . on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.

Fed.R.Civ.P. 41(a)(2). It is within the Court's discretion whether to grant a Rule 41(a)(2) motion. *See Ferguson v. Eakle,* 492 F.2d 26, 28 (3d Cir.1974). In ruling on such a motion, the Court must "decide the presence or extent of any prejudice to the defendant by the draconian measure of dismissing plaintiff's complaint." *Id.* at 29.

Westin has not filed an objection in response to Young's motion for voluntary dismissal. Furthermore, Westin's own pending motion seeks dismissal. In addition, Westin has not

*Young v. Westin*
Civil No. 2014-4
Order
Page 3

filed a counterclaim. The Court perceives no prejudice to Westin if Young's motion is granted.

Accordingly, the Court will dismiss Young's complaint against Westin without prejudice.

## IV. CONCLUSION

The premises having been considered, it is hereby

**ORDERED** that Young's motion to voluntarily dismiss the complaint in this matter is **GRANTED**; it is further

**ORDERED** that the complaint in this matter is **DISMISSED**; and it is further

**ORDERED** that the Clerk of Court shall close this case.


S\_____
      **Curtis V. Gómez**
      **District Judge**